# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Osamah Yacoub, | ) | |
|                 Petitioner, | ) | CV 05-4059 PHX-FJM (JM) |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Immigration and Customs Enforcement, | ) | |
|                 Respondent. | ) | |

Petitioner Osamah Yacoub has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On April 4, 2006, Respondent filed a document titled "Suggestion of Mootness" [Docket No. 6] notifying the Court that the Petitioner had been released on an Order of Supervision and suggesting that the issues raised in the Petition are now moot. Article III of the Constitution limits federal court jurisdiction to "cases" and "controversies." U.S. Const. Art. III; *United States Parole Commission v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). When a petitioner does not attack the legality of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined. *Lane v. Williams,* 455 U.S. 624, 631 (1982). Additionally, "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). A petitioner whose sentence has expired is no

longer "in custody" for purposes of section 2241 petitions. *Id.* at 493-94. Based on the foregoing, this matter is moot because Petitioner has been released from custody. As such, the Magistrate Judge recommends to the District Court that this matter be dismissed.

**Accordingly,**

**THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, issue an order **dismissing** Petitioner's Petition for Writ of Habeas Corpus filed December 12, 2005 (Doc. # 1).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 05-4059-PHX-FJM**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 26th day of April, 2006.

Jacqueline Marshall
United States Magistrate Judge